**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANUEL J. CASTANON,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN,<br><br>  Respondent. | Case No. 2:20-cv-11459-VAP (AFM)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

Petitioner, an inmate at the California Correctional Institution in Tehachapi, California, filed a document requesting an extension of time to file a "civil suit." According to Petitioner, he intends to file a civil suit based upon an incident occurring on January 27, 2020, but he has been unable to use the law library or "get the correct forms due to the Covid-pandemic." Petitioner is concerned that his "deadline" will expire on January 27, 2020, and seeks an order extending the time for him to file an action. (ECF No. 1.)

To the extent that Petitioner's request is construed as an attempt to challenge a conviction or sentence, it is subject to dismissal. Petitioner has not filed a Petition for Writ of Habeas Corpus that specifies what his claims are. Instead, Petitioner appears to be requesting assistance in order to timely raise unspecified claims

challenging an unspecified action in the courts.

Petitioner's request seeks relief that the Court could not grant without violating the "case or controversy" requirement of Article III, Section 2 of the United States Constitution. *See, e.g., Thomas v. Ochoa*, 2013 WL 610772, at *2 (C.D. Cal. Feb. 15, 2013) ("Because petitioner has not yet filed a habeas corpus petition, there is no action or proceeding pending and no case or controversy to be heard."); *Casaburi v. Warden*, 2013 WL 3367275 (C.D. Cal. July 3, 2013); *In re Ortiz*, 2010 WL 1170484 (C.D. Cal. Mar. 25, 2010); *Corcoran v. Tilton*, 2008 WL 816682 (C.D. Cal. Mar. 25, 2008). The Court is also precluded from giving an advisory opinion as to the statute of limitations. *See United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (holding that a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed); *see also Calderon v. Ashmus*, 523 U.S. 740, 746-747 (1998) (finding no case or controversy where prisoners sought declaratory relief regarding the statute of limitations for federal habeas petitions). Given the absence of a live case or controversy, the Court has no authority to issue any further orders, apart from dismissing the matter for lack of jurisdiction. *See United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76-77 (1988) (in the absence of subject-matter jurisdiction, Article III court had no authority to order compliance with subpoena upon risk of civil contempt).

To the extent Petitioner's request could be construed as seeking additional time to file a civil rights complaint challenging events that occurred at the California Correctional Institution, it is also subject to dismissal. The California Correctional Institution in Tehachapi is in Kern County. Kern County is located within the Eastern District of California. 28 U.S.C. § 84(b). Accordingly, the proper venue for such an action would be the United States District Court for the Eastern District of California.[1]

---

[1] While the Court offers no opinion on the timeliness of any civil rights complaint, it notes that any future federal civil rights action pursuant to 42 U.S.C. § 1983 is subject to a two-year limitation

1  IT IS THEREFORE ORDERED that this action is dismissed without
2  prejudice.

4  DATED: January 4, 2021

*Virginia A. Phillips*
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

---

period under Cal. Civ. Proc. Code § 335.1. *See, e.g., Bird v. Dep't of Human Servs.*, 935 F.3d 738, 743 (9th Cir. 2019); *Maldonado v. Harris*, 370 F.3d 945, 954-955 (9th Cir. 2004).

3